UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-818 PA (JCGx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Colfin AI-CA 4, LLC v. Jose Valle, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Jose Valle and Elizabeth Valle ("Defendants") on April 24, 2014. Plaintiff Colfin AI-CA 4, LLC ("Plaintiff") filed its Complaint in San Bernardino County Superior Court asserting a single cause of action for unlawful detainer. Defendants assert that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1334 for cases arising under or related to Title 11 of the United States Code for bankruptcy cases. Defendants also assert that removal is proper under 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

   A.    **Removal Related to Bankruptcy**

Although Defendants' Notice of Removal does not specifically reference it, their assertion of the Court's jurisdiction over bankruptcy cases under 28 U.S.C. § 1334, implicates 28 U.S.C. § 1452(a), the bankruptcy removal statute. Section 1452(a) allows a party to "remove any claim or cause of action in a civil action to the district court for the district where such action is pending" if the district court has jurisdiction of the claim or cause of action under 28 U.S.C. § 1334. Section 1334(b) invests district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Once a claim is removed pursuant to 28 U.S.C. § 1452(a), the court to which the claim has been removed "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). An order remanding an action pursuant to § 1452(b) "is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 [of Title 28] of by the Supreme Court." Id. Section 1452(b)'s "'any equitable ground' remand standard is an

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-818 PA (JCGx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Colfin AI-CA 4, LLC v. Jose Valle, et al. | | |

unusually broad grant of authority.  It subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes. . . .  At bottom, the question is committed to the sound discretion of the . . . judge." McCarthy v. Prince, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999).

In assessing whether "equitable grounds" exist to remand actions removed under § 1452, courts have looked to a number of factors:

> These factors have included, among other things, judicial economy, comity and respect for state law decision-making capabilities, the impact that remand would have upon the orderly administration of the debtor's bankruptcy case, the effect of bifurcating claims and parties to an action and the possibilities of inconsistent results, the predominance of state law issues and nondebtor parties, and the extent of any prejudice to nondebtor parties.

In re TIG Ins. Co., 264 B.R. 661, 665-66 (Bankr. S.D. Cal. 2001); see also McCarthy, 230 B.R. at 418 ("State courts are, by definition, fully competent to resolve disputes governed by state law.").

Here, Defendants have not provided any support for their contention that this action is subject to removal under § 1452(a).  For instance, the Notice of Removal does not even identify a pending bankruptcy case in which they are involved.  A bare allegation of jurisdiction, without more, is insufficient to defeat the "strong presumption" against removal.  Gaus, 980 F.2d at 567.  Moreover, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint.  See, e.g., Tishau Partners v. Miles, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010); Yangming Marine Transport Corp. v. Electri-Flex Co., 682 F. Supp. 368, 370 (N.D. Ill. 1987).  Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction.  As a result, Defendants have not met their burden to establish the Court's jurisdiction.

  **B.**  **Removal Under 28 U.S.C. § 1443**

Defendants' Notice of Removal also references 28 U.S.C. § 1443.  A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court.  28 U.S.C. § 1443.  Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act."  Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969).  Section 1443 provides, in pertinent part, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-818 PA (JCGx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Colfin AI-CA 4, LLC v. Jose Valle, et al. | | |

a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Defendants do not allege any facts that would support removal under § 1443 and therefore Defendants satisfy neither part of the Supreme Court's test in Georgia v. Rachel. There are no allegations or any other indication that Defendants have properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that they are unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Nothing in Defendants' conclusory allegations concerning the asserted deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Defendants' federal rights. See Patel, 446 F.3d at 998-99. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

      C.    **Impermissible Successive Removal**

This is the second time that Defendants have filed a Notice of Removal for the same complaint. Defendants' first Notice of Removal was filed on March 31, 2014, and was assigned case number ED CV 14-620 PA (JCGx). The Court remanded that case sua sponte on April 4, 2014, because neither the complaint nor the Notice of Removal provided adequate support for Defendants' contentions regarding removal "related to bankruptcy" pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1452(a), or to vindicate federal civil rights under 28 U.S.C. § 1443. The Notice of Removal filed in this action does not allege any additional facts or legal grounds than did the Notice of Removal filed in case number ED CV 14-620 PA (JCGx).

A successive removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-818 PA (JCGx) | Date | April 28, 2014 |
|---|---|---|---|
| Title | Colfin AI-CA 4, LLC v. Jose Valle, et al. | | |

when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a successive attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a successive removal. The current Notice of Removal does not contain any new and different ground for removal and is not based on a substantial change in the nature of the case since it was last in this Court. Defendants have now impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified. Any further attempts to remove this action may subject Defendants to the imposition of sanctions.

## CONCLUSION

For all of the foregoing reasons, Defendants have failed to meet their burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the San Bernardino County Superior Court, Case No. UDFS1400150. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.